# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## DOCKETING STATEMENT

**Case Number:** 25-2000

**Short Case Caption:** Cellulose Material Solutions, LLC v. SC Marketing Group, Inc.

**Filing Party/Entity:** Appellant, Cellulose Material Solutions, LLC

**Instructions:** Complete each section or check the box if a section is intentionally blank or not applicable. Attach additional pages as needed. Refer to the court's Mediation Guidelines for filing requirements. An amended docketing statement is required for each new appeal or cross-appeal consolidated after first filing.

| Case Origin | Originating Number | Type of Case |
|---|---|---|
| U.S.D.C. for the N.D. Cal. | 3:22-cv-03141-LB | Patent Infringement |

**Relief sought on appeal:** ☐ None/Not Applicable

Appellant seeks reversal of the District Court's December 14, 2024, Order Granting Motion for Reconsideration and Summary Judgment as to Invalidity (Dkt. 279, amended by Dkt. 302), and all related rulings, proceedings, orders, findings, and decisions.

**Relief awarded below (if damages, specify):** ☐ None/Not Applicable

No damages awarded. The District Court certified entry of Partial Final Judgment under Fed.R.Civ.P. 54(b) (Dkt. 317) against Appellant and in favor of Appellee on the basis of the District Court's December 14, 2024, Order Granting Motion for Reconsideration and Summary Judgment as to Invalidity (Dkt. 279, amended by Dkt. 302).

**Briefly describe the judgment/order appealed from:**

The District Court's December 14, 2024, Order Granting Motion for Reconsideration and Summary Judgment as to Invalidity (Dkt. 279, Dkt. 302) determined that the asserted claims of the patent-in-suit were invalid over a prior offer for sale and that no exceptions under Section 102 were applicable.

**Nature of judgment (select one):**　　　　**Date of judgment:** 7/29/25

　☐ Final Judgment, 28 USC § 1295
　☒ Rule 54(b)
　☐ Interlocutory Order (specify type) _____
　☐ Other (explain) _____

Name and docket number of any related cases pending before this court, and the name of the writing judge if an opinion was issued. ☑ None/Not Applicable

Issues to be raised on appeal: ☐ None/Not Applicable

Whether the District Court's December 14, 2024, Order (Dkt. 279, as modified by Dkt. 302) incorrectly determined on summary judgment that the asserted claims of the patent-in-suit were invalid over a prior offer for sale and that no exceptions under Section 102 were applicable.

Have there been discussions with other parties relating to settlement of this case?

☑ Yes ☐ No

If "yes," when were the last such discussions?

☐ Before the case was filed below
☑ During the pendency of the case below
☐ Following the judgment/order appealed from

If "yes," were the settlement discussions mediated? ☑ Yes ☐ No

If they were mediated, by whom?

Magistrate Judge Donna Ryu

Do you believe that this case may be amenable to mediation? ☐ Yes ☑ No

Explain.

The issues on appeal are dispositive of Appellant's infringement claims and the validity of the patent-in-suit. There is no mediated resolution that would resolve the judgment of invalidity and non-infringement.

Provide any other information relevant to the inclusion of this case in the court's mediation program.

N/A

Date: 8/22/25

Signature: /s/ John S. Artz

Name: John S. Artz

Save for Filing